16-3488-cv
<u>LVL XIII Brands, Inc. v. Louis Vuitton Malletier SA</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL E FFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> > <u>Circuit Judges</u>.

——————————————————————————

LVL XIII BRANDS, INC., a New York
Corporation,
> <u>Plaintiff-Counter-Defendant-Appellant</u>,

> -v.-                                             16-3488-cv

LOUIS VUITTON MALLETIER SA, LOUIS
VUITTON NORTH AMERICA, INC.,
> <u>Defendants-Counter-Claimants-Appellees</u>,

LVMH MOET HENNESSY LOUIS VUITTON SA,
> <u>Defendant</u>.

——————————————————————————

1

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:**       RONALD D. COLEMAN (<u>with</u> Joel G.
                             MacMull <u>on the brief</u>), Archer &
                             Greiner, P.C., New York, NY.


**FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLEES:**        ROBERT E. SHAPIRO (<u>with</u> Wendi E.
                             Sloane and Hannah Y.M. Jurowicz <u>on
                             the brief</u>), Barack Ferrazzano
                             Kirschbaum & Nagelberg LLP,
                             Chicago, IL; Jonathan D. Lupkin,
                             Lupkin & Associates PLLC, New
                             York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

LVL XIII Brands, Inc. ("LVL") appeals from an order of the United States District Court for the Southern District of New York (Engelmayer, <u>J.</u>) granting summary judgment for Louis Vuitton Malletier SA and Louis Vuitton North America, Inc. (collectively, "Louis Vuitton") on LVL's claims of trademark infringement, unfair competition, and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). LVL also renews its challenge to the court's admission of survey evidence proffered by Louis Vuitton. We review the court's grant of summary judgment <u>de novo</u>, <u>see</u> <u>Cross Commerce Media, Inc. v. Collective, Inc.</u>, 841 F.3d 155, 162 (2d Cir. 2016), and its evidentiary ruling for abuse of discretion, <u>see</u> <u>United States v. Delva</u>, 858 F.3d 135, 156 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** LVL challenges the district court's grant of summary judgment for Louis Vuitton on the Lanham Act claims. In order to prevail on those claims, LVL would need to establish that (1) it has a "mark [that] 'merits protection'" and (2) "the allegedly infringing use of the mark (or a similar mark) is 'likely to cause consumer confusion.'" <u>Christian Louboutin</u>

2

S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 224 (2d Cir. 2012) (quoting Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 115 (2d Cir. 2006)). The district court determined on summary judgment that LVL can make neither of these two required showings.

As to the first showing, a mark merits protection if it has either one of two types of "distinctiveness": "inherent[]" or "acquired." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992). A mark has inherent distinctiveness if its "intrinsic nature serves to identify a particular source." Id. at 768. A mark that lacks inherent distinctiveness can acquire distinctiveness if it develops a "secondary meaning" in the consumer market. Id. at 769. A mark has developed such a secondary meaning if "in the minds of [consumers], the primary significance of [the mark]. . . is to identify the source of the product rather than the product itself." Id. at 766 n.4 (internal quotation marks omitted). "Where the mark is a word, symbol or even product packaging, [a] plaintiff may prove distinctiveness by showing either" inherent distinctiveness or a secondary meaning. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 115 (2d Cir. 2001). But if the mark is a "product design" feature, a plaintiff "must" establish a secondary meaning. Id.

The mark at issue here (a rectangular metal plate affixed to the toe of LVL's sneakers) is a product design feature. LVL's arguments to the contrary lack support in law or fact. Insofar as LVL contends that its mark is an inherently distinctive "symbol" or "logo" akin to the "Polo Player" used on Ralph Lauren's clothing line, its argument fails. When viewed as a logo--meaning independent of its placement on the shoe--the toe plate is merely a rectangle, the sort of "commonplace" shape that, absent more, is "not inherently distinctive." Star Indus., Inc. v. Bacardi & Co., 412 F.3d 373, 382 (2d Cir. 2005). Even if we consider the plate's metallic hue evidence of stylization, the record shows that such a feature is not uncommon in the relevant high-end shoe market. See id. Therefore, LVL's mark is not an inherently distinctive symbol. It is properly classified as a product design feature,

3

and LVL must prove that it developed a secondary meaning.[1]

We have identified six factors that bear on the determination of whether a mark has developed a secondary meaning:

> (1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and[] (6) [the] length and exclusivity of the mark's use.

Christian Louboutin, 696 F.3d at 226. An independent review of the record, guided by the factors articulated in Christian Louboutin, confirms that LVL cannot show that its mark developed a secondary meaning, for substantially the reasons stated in the district court's thorough and careful September 13, 2016 Opinion and Order. See LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A., 209 F. Supp. 3d 612, 654-55 (S.D.N.Y. 2016).

LVL's Lanham Act claims therefore fail as a matter of law, as they concern a mark that does not merit protection under the statute. Because the district court correctly granted summary judgment for Louis Vuitton on that basis, we have no occasion to consider whether LVL can establish a likelihood that consumers would be "confused by the similarity of [LVL's and Louis Vuitton's] marks." Two Pesos, 505 U.S. at 780.

---

[1] Notably, the U.S. Patent and Trademark Office ("PTO") deemed LVL's mark a product design feature. See Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 148 n.11 (2d Cir. 1997) ("[W]e [] accord weight to the [] conclusions of the [PTO]." (internal quotation marks omitted)). And LVL itself characterized the mark in that manner, not only in its application for trademark protection from the PTO, but also in its answer to Louis Vuitton's counterclaims. See Gibbs ex rel. Gibbs v. CIGNA Corp., 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer . . . are judicial admissions that bind [the admitting party] throughout th[e] litigation."). LVL therefore fails to show that the classification of its mark is a genuine issue for trial.

4

**2.** LVL renews its challenge to the district court's admission of Louis Vuitton's survey evidence on secondary meaning.  This challenge fails easily.

The court did not abuse its discretion in concluding that LVL's arguments regarding the survey's methodology went to the weight of the evidence rather than its admissibility.  See Schering Corp. v. Pfizer Inc., 189 F.3d 218, 228 (2d Cir. 1999), as amended on reh'g (Sept. 29, 1999).  Nor did the court abuse its discretion in concluding that, although Louis Vuitton failed to comply with the procedural requirements of Fed. R. Civ. P. 26, LVL was not sufficiently prejudiced by that noncompliance to warrant preclusion of the evidence under Fed. R. Civ. P. 37(c)(1).  See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5